# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DROR BEN ARI,

Plaintiff,

v.

MCLAREN AUTOMOTIVE INC., a
Delaware Corporation; and DOES 1 to 10,

Defendants.

Case No.:  3:25-cv-03685-H-KSC

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

[Doc. No. 7]

On December 19, 2025, Defendant McLaren Automotive, Inc. ("McLaren") filed a notice of removal and an answer to Plaintiff Dror Ben Ari's ("Ari") complaint. (Doc. No. 1; Doc. No. 2.)  On January 16, 2026, Plaintiff filed a motion to remand the action to the Superior Court of California, County of San Diego. (Doc. No. 7.)  On February 6, 2026, Defendant filed its opposition to Plaintiff's motion to remand. (Doc. No. 11.)  On February 13, 2026, Plaintiff filed its reply. (Doc. No. 14.)  On February 26, 2026, the Court took Plaintiff's motion to remand under submission. (Doc. No. 17.)  For the reasons below, the Court DENIES Plaintiff's motion to remand.

/ / /

/ / /

/ / /

/ / /

/ / /

1

3:25-cv-03685-H-KSC

**Background**

The following background is taken from the allegations in Plaintiff's state court complaint. Plaintiff is a resident of Temecula, California. (Doc. No. 1, Compl., ¶ 2.) Defendant is a corporation organized under the laws of the State of Delaware. (Doc. No. 1, Compl., ¶ 4.) On February 17, 2025, Plaintiff leased a McLaren car ("subject vehicle") from Defendant for personal use. (Doc. No. 1, Compl., ¶ 9.) Plaintiff alleges that he received express written warranties from Defendant when the subject vehicle was leased. (Doc. No. 1, Compl., ¶ 11.) The warranty allegedly provided that if a nonconformity arose in the subject vehicle during the warranty period, Plaintiff could deliver the subject vehicle to Defendant's authorized facilities for service and repair. (Doc. No. 1, Compl., ¶ 11.) Plaintiff claims that an electrical defect arose during his ownership, which was both covered by the express written warranty and substantially impaired the subject vehicle. (Doc. No. 1, Compl., ¶ 12.) Plaintiff then delivered the subject vehicle for diagnosis and repair, but Defendant and its authorized facilities failed to service it. (Doc. No. 1, Compl., ¶¶ 13–14.) Plaintiff alleges that he has since revoked acceptance of the subject vehicle and cancelled the contract. (Doc. No. 1, Compl., ¶ 23.)

On November 18, 2025, Plaintiff filed a complaint in the Superior Court of California, County of San Diego bringing four causes of action under the Song-Beverly Consumer Warranty Act ("SBA"). (Doc. No. 1, Compl.) Plaintiff claims that Defendant failed to repair or service the subject vehicle according to the agreed-upon warranty (CA Civil Code § 1793.2(d)), failed to commence and complete repairs within thirty days (CA Civil Code § 1793.2(b)), failed to provide sufficient service manuals and/or replacement parts to its authorized service and repair facilities (CA Civil Code § 1793.2(A)(3)), and failed to provide Plaintiff with a suitable vehicle in violation of the implied warranty of merchantability (CA Civil Code §§ 1791.1; 1794). (Doc. No. 1, Compl., ¶¶ 8–33.)

On December 19, 2025, Defendant removed the action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1332 on diversity jurisdiction. (Doc. No. 1, Notice of Removal, ¶ 3.) By the present motion, Plaintiff moves

3:25-cv-03685-H-KSC

to remand the action back to the Superior Court of California, County of San Diego for lack of subject matter jurisdiction.  (Doc. No. 7.)

## Discussion

### I.      Legal Standard

"Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization."  Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018).  A federal court therefore must order remand if it lacks subject matter jurisdiction over an action.  Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  The removing party bears the burden of overcoming the "strong presumption against removal jurisdiction." Hansen, 902 F.3d at 1057; see Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

Defendant asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires that the amount in controversy exceeds $75,000 and that the suit is between citizens of different states.  Id.  Plaintiff does not challenge the complete diversity of the parties.  (Doc. No. 7; Doc. No. 14.)  The only issue then is whether Defendant has met its burden of establishing that the amount in controversy is greater than $75,000.  "Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  Fritsch v. Swift Transportation Company of Arizona, LLC, 899 F.3d 785, 793 (9th Cir. 2018) (quoting Urbino v. Orkin Servs. of Cal., Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013)).  The Court "may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy."  Id. (citing Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)).

3:25-cv-03685-H-KSC

The amount in controversy is "the amount at stake in the underlying litigation," and therefore "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if [he] prevails." Fritsch, 899 F.3d at 793 (citing Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417–18 (9th Cir. 2018)). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (citing Chavez, 888 F.3d at 417). The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Chavez, 888 F.3d at 416 (quoting Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016)).

## II. Analysis

Plaintiff is seeking restitution, consequential and incidental damages, civil penalties, and attorneys' fees. (Doc. No. 1, Compl.) Plaintiff does not include a damage amount on the face of his complaint, so Defendant must establish the amount in controversy by a preponderance of the evidence. Dart Cherokee Basin Operating Co v. Owens, 574 U.S. 81, 84 (2014); Fritsch, 899 F.3d at 793.

### A. Amount in Controversy Calculation

When a complaint alleges actual and punitive damages, each must be considered in the amount in controversy. Bell v. Preferred Life Assurance Soc'y of Montgomery, 320 U.S. 238, 240 (1943). Courts commonly include civil penalties under the SBA in these calculations because they are sufficiently akin to punitive damages. Park v. Jaguar Land Rover North America, LLC, 2020 WL 3567275, at *3 (S.D. Cal. July 1, 2020); see Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting treble damages authorized by state statute can be considered in the amount in controversy).

Here, Defendant alleges that restitution is $55,585.30 and the max civil penalty is $111,170.60, bringing the total amount in controversy well past the jurisdictional minimum without considering attorneys' fees. (Doc. No. 11.) The subject vehicle lease agreement, attached to Defendant's notice of removal, states that Plaintiff's total payments across the

3:25-cv-03685-H-KSC

lifetime of the lease would have been $133,093.95, approximately composed of a $37,700 down payment, 36 installments of $2,699.97, and a $895 disposition fee.  (Doc. No. 1, Ex. C.)  Defendant uses the parties' lease agreement to calculate the restitution award minus the mileage offset prescribed in CA Civil Code § 1793.2(d)(2)(C) at $56,699.92 - $1,114.62 = $55,585.30.  (Doc. No. 11.)  Plaintiff does not challenge the stated values or calculation in its reply brief.  (Doc. No. 14.)  Plaintiff also seeks civil penalties under CA Civil Code § 1794(c), which are properly considered in the amount in controversy calculation.  See Chabner, 225 F.3d at 1046 n.3 (citing Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963)).  The SBA allows civil penalties of up to two times the amount of actual damages if Plaintiff can establish that Defendant's failure to comply was willful.  (Doc. No. 1, Compl.)  Plaintiff alleges that Defendant failure to comply was willful.  (Doc. No. 1, Compl., ¶¶ 17; 24; 28.)  Plaintiff also alleges in his complaint that he is entitled to the full "civil penalty in the amount of two times Plaintiff's actual damages," and not up to that amount.  (Doc. No. 1.)

Defendant has demonstrated by a preponderance of the evidence that Plaintiff seeks up to $55,585.30 in restitution and $111,170.60 in civil penalties.  Defendant has therefore fulfilled its burden of showing that the amount in controversy exceeds $75,000.

### B. Plaintiff's Opposition

Plaintiff argues that Defendant failed to meet its burden because it did not offer specific evidence that maximum civil penalties is appropriate or that attorneys' fees are properly included.  (Doc. No. 14.)  Plaintiff cites some district court opinions assessing whether parties made adequate showings that penalties would be awarded.  (Doc. No. 14.)

However, the Ninth Circuit has held that a "defendant's showing on the amount in controversy may rely on reasonable assumptions."  Arias, 936 F.3d at 922; Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197–99 (9th Cir. 2015) ("[E]vidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions.").  These assumptions in the chain of reasoning need only have "some reasonable ground underlying them."  Arias, 936 F.3d at 927 (quoting Ibarra, 775

3:25-cv-03685-H-KSC

F.3d at 1999).  Defendant's assertion that the full civil penalty amount should be calculated in the amount in controversy is reasonable, given Plaintiff's facial allegations in his state court complaint that he is entitled to "the amount of two times" the actual damages.  (Doc. No. 1, Compl.)

Accordingly, the Court denies Plaintiff's argument that Defendant has failed to meet its burden.  Courts properly calculate the amount in controversy based on the full potential recovery available to a plaintiff.  See Chabner, 225 F.3d at 1046 n.3; Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001).  As a result, Defendant adequately demonstrates that it is more likely than not Plaintiff puts more than $75,000 in dispute.  Defendant has properly removed the action to this Court.

**Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for remand.

**IT IS SO ORDERED.**

DATED: March 2, 2026

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3:25-cv-03685-H-KSC